Argued September 8, dismissed September 30, 1971

IN THE MATTER OF THE REVIEW OF 1971 REAPPORTION-
MENT OF OREGON RELATING TO SENATORS
AND REPRESENTATIVES.

STATE EX REL ALLEN ET AL, *Petitioners, v.*
MYERS, *Respondent.*

488 P2d 1184

*John Toran, Jr.*, Portland, argued the cause for petitioners. With him on the brief was Elizabeth Preston, Portland.

*Lee Johnson*, Attorney General, Salem, argued the cause in support of 1971 reapportionment of Oregon relating to Senators and Representatives. With him on the briefs was John W. Osburn, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

The petitioners allege that the Secretary's apportionment plan for the Oregon Legislature is contrary to the Constitution of the United States because "it unfairly divides a well-defined area which includes a large segment of the poor and black citizens of Multnomah County, the effect of which is to minimize or cancel out the voting strength of a cognizable racial and cognizable political element of the population."

The petitioners request us to take original jurisdiction of their petition, that is, they request us to hear their case without the necessity of its first being tried in a trial court and then brought to us on appellate review. Almost all of our cases come to us on appellate review from trial courts and any evidence

is introduced in the trial court. The Oregon Constitution grants us original jurisdiction in a very limited number of cases. The petitioners allege that we are granted original jurisdiction to hear their case by Art IV, § 6, of the Oregon Constitution. The procedure created by Art IV, § 6, was not intended to provide a method of contesting a plan of apportionment upon the ground that the plan violates the Federal Constitution. When that is the sole ground of attack, a citizen must seek relief in the usual manner through the regular procedures provided for raising a federal constitutional question. That procedure calls for the case to be initiated in the trial court where evidence can be taken to resolve questions of fact. The Oregon Supreme Court was not given jurisdiction to hear cases in this manner. For this reason we do not have the authority to entertain the petition.

In the petition of *Hovet v. Myers,* decided this date, those petitioners did not contend that the Secretary's plan was contrary to the United States Constitution; they contended only that it violated the Oregon Constitution. In that case it was necessary to interpret the Constitution of the United States, but only to enable us to decide that the Secretary was justified in submitting a plan which was not in accordance with the Oregon Constitution.

The petition is dismissed without prejudice to the petitioners' right to file a proceeding in the appropriate court challenging the federal constitutionality of the Secretary's plan.